IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERNEST EUGENE O'VEAL, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION No. H-14-1550 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court in this *pro se* section 2254 habeas case are respondent's motion for summary judgment (Docket Entry No. 10) and petitioner's response (Docket Entry No. 13).

Based on consideration of the motion, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this case for the reasons that follow.

**I. PROCEDURAL BACKGROUND**

Petitioner was convicted of injury to a child and sentenced to forty-five years incarceration on June 14, 2012. His direct appeal was dismissed because petitioner had pleaded guilty under a plea bargain agreement and had no right to appeal. *O'Veal v. State*, No. 14-12-00567-CR, slip op. (Tex. App.—Houston [14th Dist.] 2012, no pet.). Petitioner did not seek discretionary review.

Petitioner's application for state habeas relief, filed with the state trial court on or about September 3, 2013, was denied by the Texas Court of Criminal Appeals on February 5, 2014.

Petitioner filed the instant federal habeas petition on April 9, 2014, raising claims for ineffective assistance of trial counsel. Respondent argues that petitioner's claims are barred by limitations.

## II. STATUTE OF LIMITATIONS

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)–(2).

As shown by the record, petitioner was sentenced on June 14, 2012, and had no right to pursue a direct appeal under state law. Nonetheless, he filed an appeal, which was dismissed by the intermediate state court of appeals on August 23, 2012, for want of jurisdiction. Assuming the appeal may be counted for purposes of limitations, petitioner's conviction became final on September 22, 2013, and limitations expired one year later, on September 22, 2013. At the time the Texas Court of Criminal Appeals denied petitioner's application for state habeas relief, nineteen days remained on the AEDPA "clock," rendering his federal habeas petition due February 24, 2014. The instant petition, filed April 9, 2014, is untimely.

In his response to the motion for summary judgment, petitioner argues that he did not receive notice of the dismissal of his appeal until May 23, 2013. However, petitioner does not show that this delay resulted in his being unable to timely seek federal habeas relief. To the contrary, limitations did not expire until September 22, 2013, absent statutory tolling. Petitioner delayed seeking state habeas relief for 103 days after receiving notice that his direct appeal had been dismissed. Nevertheless, he filed his state habeas application on

3

September 3, 2013, prior to expiration of limitations. When the Texas Court of Criminal Appeals denied habeas relief on February 14, 2014, petitioner had nineteen days remaining to file his federal habeas petition. However, petitioner did not file the instant petition until sixty-three days later, forty-four days beyond the limitations deadline.

Petitioner fails to establish that the delay in receiving notice of the direct appeal's dismissal was an unconstitutional state-created impediment that prevented his timely filing of the instant petition. He further fails to establish entitlement to equitable estoppel, in that he does not show that he exercised reasonable due diligence throughout the entire course of his state proceedings.

In the alternative, the state court record clearly shows that petitioner knowingly and voluntarily waived his right of appeal as part of the plea bargain, that he was specifically admonished in open court regarding his waiver of appeal, and that the plea agreement and waiver were explicitly adopted by the trial court. The trial court entered a certification of petitioner's right to appeal, in which the court certified that the case was a plea bargain case and that petitioner had no right of appeal. The intermediate court of appeals dismissed petitioner's appeal in reliance on the trial court's certification. It is apparent from the record that the availability of direct appeal to the state courts was foreclosed immediately upon petitioner's sentencing, and that petitioner was well aware of that fact prior to filing his notice of appeal. Petitioner has not offered any evidence to the contrary. Consequently, petitioner's conviction became final for purposes of AEDPA on June 14, 2012, and

limitations expired one year later, on June 14, 2013. Petitioner's application for state habeas relief, filed on September 3, 2013, was filed after expiration of limitations and provided no tolling. Petitioner's unauthorized direct appeal provided no grounds for statutory or equitable tolling, and the instant federal petition is barred by limitations. *See Rodriguez v. Thaler*, 664 F.3d 952, 954 (5th Cir. 2012).

Respondent is entitled to summary judgment dismissal of petitioner's federal habeas petition as barred by limitations.

### III. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 9) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

Signed at Houston, Texas, on this the 3rd day of November, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE